IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARCUS NAGEL, FLA. I.D. #571900508, | CIV. NO. 19-00110 HG-RT |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | |
| DAN DIAZ, et al., | |
| Defendants. | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSISNG ACTION

Before the Court is pro se Plaintiff Marcus Nagel's prisoner civil rights Complaint and application to proceed in forma pauperis. Nagel is a pretrial detainee incarcerated at the Joseph V. Conte Facility, located in Pompano Beach, Florida.[1] Nagel names 172 Defendants, none of whom are alleged to be residents of Hawaii.[2]

---

[1] Nagel's in forma pauperis applications shows that he is in the Paul Rein Facility in Fort Lauderdale, Florida, but his return address and public records show that he is in custody at the Joseph V. Conte Facility.
https://apps.sheriff.org/ArrestSearch/InmateDetail/261900107.

[2] Nagel alleges Defendants are residents of New York, Florida, New Zealand, California, Washington D.C., Saudi Arabia,

Nagel alleges diversity jurisdiction is proper in the District of Hawaii because the "Parties are domiciled in different states," and "the amount in controversy exceeds $75,000;" he also alleges federal question jurisdiction. Compl., ECF No. 1, PageID #9; see 28 U.S.C. §§ 1331, 1332. Nagel asserts fifty-one causes of action[3] and seeks $15 million in damages. Neither federal nor Hawaii public criminal databases show that Nagel was ever arrested or convicted in Hawaii and nothing else in the record suggests that he or his claims are otherwise connected to Hawaii.

---

and Australia.

[3] Nagel alleges: Assault, Battery, False Imprisonment, Malicious Prosecution, Defamation, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Abuse of Authority, Negligence, Strict Liability, Tortious Interference with Contract, RICO Violations, Violations of Civil Rights, Violations of Constitutional Rights, Invasion of Privacy, Public Disclosure of Private Facts, Intimidation, Loss of Consortium, Loss of Income, Unlawful Harassment, Unlawful Discrimination, Unlawful Retaliation, Fraud, Fraudulent Misrepresentation, Negligent Misrepresentation, and Qui Tam, Conspiracy, Attempt, Use Criminal Violations, US Treaty Violations, Violation of Human Rights, Cruel & Unusual Punishment, Breach of Privilege, Breach of Attorney Work Doctrine, Agent Liability, Vicarious Liability, Breach of Trust, Deceit, FINPA Rules Violations, Failure to Supervise, Conversion, Trespass to Land, Trespass to Chattels, Official Misconduct, Perjury, Abuse of Litigation, Breach of Duty, Abuse of Discretion, Facilitation, and Solicitation. Compl., ECF No. 1, PageID #17-19.

For the following reasons, Nagel's in forma pauperis application is DENIED and this action is DISMISSED with prejudice as frivolous and for failure to state any colorable claim for relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. **STATUTORY SCREENING**

The court is required to screen Nagel's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

*Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); *Franklin*, 745 F.2d at 1227.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the

defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**

Nagel's pleading consists of forty-nine pages and fifty-one causes of action. Nagel's claims, however, are largely incoherent and completely conclusory. He vaguely alleges prosecutorial misconduct, misrepresented evidence regarding an unidentified arrest, fraud, conspiracy, and a possible eviction from an apartment in New York. He claims unidentified Defendants in New York and Florida tried to murder him to fraudulently collect survivor benefit funds. He refers indiscriminately to his family members, attorneys, police officers, social workers, and judges located in New York, Florida, California, and outside of the United States, without any explanation regarding their connection to his claims. In short, Nagel's Complaint is incomprehensible and it is impossible to find that venue exists in the District of Hawaii.

Nagel's Complaint is DISMISSED as legally frivolous and implausible on its face, and for failure to state any claim upon which relief can be granted. *Twombley*, 550 U.S. at 570.

Nagel filed four other actions in the District of Hawaii on or within days of the date that he commenced this action.[4] This Court has reviewed the pleadings in these actions and finds that they are equally incoherent, fantastical, and conclusory, with no apparent connection to Hawaii. In light of the decision herein, review of Nagel's other recently filed actions in this court, and review of Nagel's actions filed in other federal district courts,[5] this Court is convinced that granting Nagel leave to amend is futile and this dismissal is with prejudice.

---

[4] *See Nagel v. Janvier*, No. 1:19-cv-00111 DKW-RT; *Nagel v. 425 Park South Tower Corp., et al.*, No. 1:19-cv-00112 LEK-KJM; *Nagel v. Warren, et al.*, No. 1:19-cv-00113 LEK-RT; *Nagel v. Hilton, et al.*, No. 1:19-cv-00123 DKW-RLP.

[5] *See e.g.*, *Nagel, et al. v. United States, et al.*, No. 1:18-cv-02326 UNA (D.C.D.C. Nov. 19,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. City of New York, et al.*, No. 1:18-cv-02454 (D.C.D.C. Nov. 14,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. Nagel, et al.*, No. 1:18-cv-20623 (S.D. Fla. Feb. 20, 2018) (dismissing prisoner action for failure to state a claim).

### III. <u>CONCLUSION</u>

This action is DISMISSED with prejudice and Nagel's Application to Proceed In Forma Pauperis is DENIED. Unless overturned on appeal, this dismissal may count as a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court shall close the file and terminate this action. The Court will entertain no further filings in this action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: March 19, 2019, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

*Nagel v. Diaz, et al.*, No. 1:19-cv-000110 HG-RT; Scrng '19 Nagel